**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01700-CMA-BNB

ROBERT O'BRIEN, Individually, and
on behalf of all others similarly situated,

    Plaintiff,

v.

AIRPORT CONCESSIONS, INC., a Colorado corporation,
d/b/a CONNECTIONS MADE EZ,

    Defendant.

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION
OF NOTICE, AND SCHEDULING A FINAL SETTLEMENT HEARING**

The Court has considered the Class Action Settlement Agreement entered into by the parties and its exhibits, the joint motion of the parties for an order preliminarily approving a class action settlement, directing the dissemination of notice and setting a final settlement hearing, and all other papers filed in this action.  The matter having been submitted and good cause appearing therefor, the Court finds as follows:

    1.    All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

    2.    The Class Representative and Airport Concessions, Inc., through their counsel of record in the Lawsuit, have reached an agreement to settle all claims in the Lawsuit;

3. The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Lawsuit should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure:  (a) the proposed Class is ascertainable and so numerous that joinder of all Members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Lawsuit; (c) the claims of Class Representative Robert O'Brien are typical of the claims of the members of the proposed Class; (d) Class Representative Robert O'Brien will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representative, *i.e.*, Thomas A. Zimmerman Jr., Adam M. Tamburelli, and Frank J. Stretz of the Zimmerman Law Offices, P.C., are qualified to serve as counsel for the Class Representative in his own capacity as well as his representative capacity and for the Class; and (g) common issues will likely predominate over individual issues;

4. The moving parties also have presented to the Court for review a class action Settlement Agreement.  The Settlement Agreement proposes a settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

5. The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various

options the Class has, including, among other things, the option for Class Members to opt-out of the class action settlement; the option to be represented by counsel of their choosing and to object to the proposed settlement.  The notice will be published consistent with the Settlement Agreement.  The notice proposed by the Settling Parties (i) constitutes the best notice practicable under the circumstances to all persons within the definition of the Class, (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Lawsuit and their right to object or to exclude themselves from the settlement, (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, (iv) complies fully with the requirements of Fed. R. Civ. P. 23(c)(2)(B), all substantive and procedural due process rights guaranteed by the Colorado Constitution and the United States Constitution, and any other applicable law, and (v) is the only Notice required of the settlement.

      Good cause appearing therefor, IT IS HEREBY ORDERED that:

      1.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Agreement is preliminarily approved.

      2.     The Court certifies the following Class solely for the purpose of effectuating the settlement:

> all persons who received an electronically printed receipt at the point of sale or transaction from any Connections Made EZ store located in Denver International Airport or Rogue Valley International-Medford Airport, in a transaction occurring after June 3, 2008, which receipt displays the expiration date of the person's credit card or debit card.

> Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any person who has had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person

The Court expressly reserves the right to determine, should the occasion arise, whether the above-captioned Lawsuit may continue to be certified as a class action for purposes other than settlement, and Defendant retains all rights to assert that the Lawsuit may not be certified as a class action except for settlement purposes.

3. The Court preliminarily approves the settlement of the Lawsuit set forth in the Settlement Agreement as being fair, just, reasonable, and adequate as to each of the parties and Class Members, and sufficient to warrant dissemination of Notice to the Class. This determination permitting Notice to the Class is not a final finding, but is a determination that there is probable cause to submit the proposed settlement to the Class Members and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

4. The Court approves, as to form and content, for distribution to Class Members, the Published Notice in the form of Exhibit B to the Settlement Agreement. This Notice shall be published by March 19, 2014.

5. The Court approves, as to form and content, for distribution to Class Members, the Long Form Notice in the form of Exhibit C to the Settlement Agreement. The Court directs the Long Form Notice be posted on Class Counsel's website

(www.attorneyzim.com) by March 19, 2014, and mailed by Class Counsel to all persons who request a copy from them.

6. The Court approves, as to form and content, for distribution to Class Members, the Notice to be posted in the Connections Made EZ section on Defendant's website's "Concepts" page, as set forth in Paragraph 9 of the Settlement Agreement. This Notice shall be posted by March 19, 2014.

7. Defendant shall provide notice to the appropriate federal and state officials under the Class Action Fairness Act by March 19, 2014.

8. The deadline for exclusions from or objections to the settlement is May 5, 2014.

9. A hearing shall be held before this Court at 3:30 p.m. on June 18, 2014, in Courtroom No. A602, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, CO 80294, to consider whether the settlement should be given final approval by the Court:

> (a) Written objections by Class Members to the proposed settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;
>
> (b) At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement; and
>
> (c) Class Counsel and counsel for Defendant should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

10. The Court finds that Plaintiff Robert O'Brien is an adequate and appropriate Class Representative.

11.    The Court finds that Thomas A. Zimmerman, Jr., Adam M. Tamburelli, and Frank J. Stretz of Zimmerman Law Offices, P.C. will fairly and adequately represent the interests of the Class and are appointed as Class Counsel.

12.    In the event that the Effective Date occurs, all Class Members will be deemed to have forever released and discharged the Released Claims.  In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

13.    The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to the Settlement Class.

DATED:  March __06__, 2014

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge